IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Respondent, | ) | |
| vs. | ) | Case No. CR-08-222-M |
| | ) | (CIV-10-229-M) |
| DANIEL TIMOTHY JOHNSON, | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Daniel Timothy Johnson ("Johnson"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on March 8, 2010. On March 26, 2010, plaintiff-respondent United States of America filed its response to Johnson's motion. On April 14, 2010, Johnson filed his reply.

I.  Introduction

Johnson entered a plea of guilty to a single-count Information filed on September 9, 2008, charging him with a violation of 17 U.S.C. § 506(a)(1), copyright infringement, and 18 U.S.C. § 2, aiding and abetting. On February 9, 2009, defendant was sentenced to 46 months' imprisonment and ordered to pay restitution in the amount of $553,859.10. On February 18, 2009, defendant filed a Notice of Intent to Appeal in the United States Court of Appeals for the Tenth Circuit. In response, the government filed a motion for enforcement of the appeal waiver contained in the plea agreement. On May 1, 2009, the Tenth Circuit granted the government's motion to enforce the appeal waiver and dismissed the appeal. *United States v. Johnson*, 329 Fed. Appx. 182 (10th Cir. 2009).

II.  Discussion

Johnson asserts the following five grounds in support of his § 2255 motion: (1) "The restitution that was imposed, improperly added the software disc recovered at my residence in the loss calculation to Microsoft; thus causing the court to impose an illegal sentence and a miscarriage of justice"; (2) "Restitution on all Microsoft Office 2003 and Microsoft Office 2007 products should be completely removed"; (3) "Restitution in my case was used as punishment against me rather than calculated lawfully for the actual loss to Microsoft"; (4) "Appealing my restitution did not fall within the scope of my waiver"; and (5) ineffective assistance of counsel regarding issues related to his restitution. In its response, the government asserts that because all of Johnson's grounds in support of his § 2255 motion address challenges to his restitution, he is not entitled to relief because § 2255 does not provide a remedy for challenging restitution.

In an unpublished decision, the Tenth Circuit has held that a restitution award can not be challenged under § 2255 because there is no claim to a right to be released from custody based upon that challenge. *United States v. Papa*, 97 Fed. Appx. 848, 851 (10th Cir. 2004). Additionally, other courts that have considered this issue have held that § 2255 may not be utilized for the purpose of attacking fines and orders of restitution. *See e.g.*, *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999); *Blaik v. United States*, 161 F.3d 1341 (11th Cir. 1998); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Smullen v. United States*, 94 F.3d 20, 25-6 (1st Cir. 1996); *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994).

In his reply, Johnson asserts that he is seeking a release from custody. However, having carefully reviewed Johnson's § 2255 motion, and construing said motion liberally as this Court must pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds that in his § 2255 motion

Johnson makes no claim to a right to be released from custody but is solely challenging the amount of his restitution. Johnson further asserts in his reply that he is not only challenging the amount of loss that was used for restitution purposes but is also challenging the amount of loss that was used for sentencing purposes. While Johnson is clearly challenging the amount of loss for sentencing purposes in his reply, the Court finds that such a challenge is not made in his original motion.[1] Having carefully reviewed his motion and construing said motion liberally, the Court finds that in every ground for relief set forth in his § 2255 motion Johnson is only challenging the amount of restitution awarded.

Accordingly, because Johnson is solely challenging the amount of restitution awarded, the Court finds that Johnson's § 2255 motion should be denied.

III. Evidentiary Hearing

As set forth above, Johnson's motion does not set forth a basis for relief from his sentence or conviction. Because that conclusion is conclusively shown from the record and from the nature of Johnson's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

---

[1] As a general rule, a court will not consider issues raised for the first time in a reply brief. See *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000). This Court, therefore, will not consider Johnson's challenge to the amount of loss for sentencing purposes raised for the first time in his reply.

IV.	Conclusion

For the reasons set forth above, the Court DENIES Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 21st day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE